UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

RALPH BAZE                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 5:11CV-P83-R

PHILLIP PARKER et al.                                                  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Ralph Baze, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C.

§ 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the

action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), sues in their individual

capacities Philip Parker, Warden at KSP; KSP Deputy Warden Ernest E. Williams; KSP Chaplin

Sheila Burnham; Kentucky Department of Corrections Commissioner LaDonna Thompson; KSP

Captain Lane; KSP Officers Wilkerson and Tolbert; KSP Adjustment Committee Members

Jamie Caraway and Tammy Darnell; KSP Program Director Rocky Roberts; and two John or

Jane Does.  Plaintiff alleges that on June 3, 2010, he and another death row inmate requested

pastoral visits, but Plaintiff was denied.  He alleges that Defendants Parker, Williams, Roberts,

Burnham and Thompson refused to follow prison policies and state law requiring that inmates be

allowed to visit with a pastor of their choice once a week.

Plaintiff further states that he did a television interview on July 30, 2010, in which he told

about his pastoral visit being denied and expressed his belief that he was being retaliated against

in that his pastoral visits were being stopped because he had filed a grievance.  Plaintiff states

that on the next day, July 31, 2010, he was out of his cell on recreation and needed to use the bathroom.  He requested Defendant Tolbert, the walk officer, to have the bathroom door opened.  Defendant Tolbert called Officer Wilkerson, the control room officer, requesting that the bathroom door be opened, but five minutes later Plaintiff still had no access, so Plaintiff asked Defendant Tolbert to call again.  Another five minutes went by after Defendant Tolbert called again, and Defendant Wilkerson again refused to open the bathroom door.  Plaintiff began to wet himself after 23 minutes of waiting.  Another inmate suggested turning on the water in the shower stall and urinating there.  Plaintiff did, and then washed the shower with hot water and sanitizer.  Plaintiff states that two minutes later he was taken to segregation for creating a health hazard, at which point he was strip searched and had his prescription eyeglasses taken away and kept from him for the 30 days while he was in segregation.

Plaintiff states that Defendant Lane ordered Defendant Tolbert to file false charges against him regarding the shower incident.  A couple of days later while in segregation, Plaintiff was moved to another cell which he alleges had feces on the wall.  When he asked for cleaning supplies, he was told it was peeling paint and he would have to wait until regular cleaning day.  He states that on August 12, 2010, he was taken before the Adjustment Committee where Defendants Caraway and Darnell found him guilty.  Plaintiff then filed a grievance alleging retaliation as to the false charges going forward and wrote a letter to Defendant Parker.  Defendant Parker replied that he would wait to consider the formal appeal and in fact waited until Plaintiff's segregation time was up before he considered Plaintiff's appeal.  Plaintiff further alleges that when Defendant Parker did so, he released Plaintiff by cutting his segregation time from 90 days to 15 days but Plaintiff had already been in segregation for 30 days by then.  And

because he was in segregation for 30 days, Plaintiff lost his state job.  Plaintiff also states that,

while he was in segregation, his legal papers and his hot pot went missing.

Plaintiff claims that denying his pastoral visit violated his First Amendment right and

rights under Religious Freedom Restoration Act of 1993 (RFRA) and the Religious Land Use

and Institutionalized Persons Act (RLUIPA) and constitutes an Equal Protection violation

because another inmate on his unit was allowed a pastoral visit.  He further alleges that the

refusal to allow access to the bathroom violated his Equal Protection and Eighth Amendment

rights; and that Defendant Lane's ordering Defendant Tolbert to file false charges against him

violated the Due Process Clause of the Fourteenth Amendment.  Plaintiff also claims Eighth

Amendment violations for being subjected to an unsanitary cell which had human feces smeared

across the wall with temperatures in the cell above 80 degrees while being refused cleaning

supplies and also for being deprived of his prescription eyeglasses for 30 days.

Plaintiff attaches numerous documents to his complaint.  As relief, he wants declarative

and injunctive relief as well as monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, ore  seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis

either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327.  While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***RFRA claims***

In *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court struck down RFRA

as it applied to the states and their subdivisions, holding that RFRA exceeded Congress'

remedial powers under Section 5 of the Fourteenth Amendment because RFRA proscribed state

conduct that the First Amendment does not itself proscribe.  Accordingly, Plaintiff's RFRA

claims must be dismissed.

***Condition of cell***

The Eighth Amendment protects inmates from cruel and unusual living conditions.

However, a prisoner making a conditions-of-confinement claim must satisfy the two-part test

established in *Farmer v. Brennan*, 511 U.S. 825 (1994).  First, the prisoner must show that he

was subjected to a sufficiently serious deprivation that resulted in the denial of "the minimal

civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. at 834 (internal quotations

and citation omitted).  Second, the prisoner must show that the defendant was "deliberately

indifferent" to inmate safety. *Id.*

Dismissal of Plaintiff's Eighth Amendment claim relating to his cell is appropriate

because the Prison Litigation Reform Act (PLRA) requires that any action for emotional injury

suffered while in custody is barred unless the prisoner can show physical injury.  42 U.S.C.

§ 1997e(e).  The physical injury need not be significant, but it must be more than de minimis for

an Eighth Amendment claim to proceed.  *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th

Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).  Since Plaintiff has

not alleged that he suffered any injury whatsoever from the allegedly feces-strewn, hot cell,

Plaintiff has failed to plead a claim that meets the PLRA's threshold.  *See Moore v. Simmons*,

No. 5:06–CT3143 H, 2007 WL 4262702, at *3 (E.D.N.C. May 18, 2007) (no constitutional

violation where plaintiff did not state that the complained-of conditions, including stagnant

toilets and inmates throwing feces daily, "caused him serious or significant physical injury"

despite plaintiff's claim that the conditions caused "sore throat-high grade fever"); *Jennings v.*

*Weberg*, No. 2:06–CV–235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (dismissing case

pursuant to § 1997e(e) where plaintiff alleged that he was "battered with spit and urine" on a

regular basis by another inmate which caused him "fear, distress and mental anguish that he

experienced as a result of Defendant's failure to protect him"); *Smith v. Edwards*, No. 06–1259,

2006 WL 3512837, at *3 (E.D. La. Dec. 5, 2006) (dismissing case pursuant to § 1997e(e) where

plaintiff alleged defendants allowed inmate who had AIDS to throw feces on him because

plaintiff alleged only that he was upset, not that he suffered any physical injury); *Fackler v.*

*Dillard*, No. 06–10466, 2006 WL 2404498, at *3 (E.D. Mich. Aug. 16, 2006) (no constitutional

violation where guard threw a cup of urine through the food slot of plaintiff's cell which

splashed on plaintiff because, although devoid of any penological purpose, plaintiff did "not

allege that she sought medical attention as a result of the incident or that she suffered any

lingering injuries" beyond the "indignity" of it).  Thus, the Court finds that Plaintiff's Eighth

Amendment claim relating to the condition of his cell must be dismissed for failure to state a

claim upon which relief can be granted.

*Claim regarding being denied his prescription eyeglasses*

Plaintiff's claim that his Eighth Amendment rights were violated when he was denied his prescription eyeglasses while in segregation must be dismissed because he has not alleged any injury. The denial of prescription eyeglasses may be actionable under the Eighth Amendment in certain cases. *See Koehl v. Dalsheim*, 85 F.3d 86 (2d Cir. 1996) (where prescription eyeglasses were necessary to correct double vision and loss of depth perception resulting from prior head injury, prison officials' deprivation of the prisoner's eyeglasses was sufficiently serious to state an Eighth Amendment claim). However, here Plaintiff has not alleged that the deprivation of his prescription eyeglasses caused symptoms which impaired daily activities or otherwise caused him injury. Because Plaintiff has not alleged a physical injury that is more than de minimis he has failed to state a claim under the Eighth Amendment. *See Adams v. Rockafellow*, 66 F. App'x at 586.

*Lost property claim*

A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Kentucky has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants. *See Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985). Consequently, Plaintiff's claims related to his lost property must be dismissed.

### III. CONCLUSION

For the foregoing reasons the Court will by separate Order dismiss Plaintiff's claims

under RFRA, regarding the condition of his cell, and regarding the deprivation of his

prescription eyeglasses and his lost property.  The Court also will enter a separate Scheduling

Order to govern the development of Plaintiff's remaining claims, *i.e.*, his First Amendment

claims, his Equal Protection claim, his retaliation claim, and his claim under the RLUIPA.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009