## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:11-CV-P83-R

**RALPH BAZE**                                                                                   **PLAINTIFF**

**v.**

**PHILIP PARKER et al.**                                                                   **DEFENDANTS**

### MEMORANDUM AND ORDER AND AMENDED SCHEDULING ORDER

Before the Court is Defendants' motion (DN 27) to hold this case in abeyance pending the outcome of another case in this Court, *Haight et al. v. Thompson et al.*, Civil Action No. 5:11-CV-118.

According to Defendants, the issues presented in the two cases are identical, with the exception of Plaintiff's retaliation claim which is unique to this case. In *Haight*, Defendants filed a motion for summary judgment on April 26, 2012.

Plaintiff objects that Defendants are asking for an unfair advantage and that Defendants have refused to comply with discovery orders. He asserts that if the motion is granted, his case may be prejudiced by another plaintiff's failure to obtain discovery from Defendants.

Defendants cite to no authority in support of their motion to hold in abeyance. The Court does have authority to issue a stay where such a stay is a proper exercise of discretion. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005); *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). The party requesting a stay has the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. In other words, the party seeking the stay must

demonstrate "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United States Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).

In exercising its "substantial discretion to determine whether to grant a stay," a district court generally considers three factors: (1) "any prejudice to the non-moving party if a stay is granted," (2) "any prejudice to the moving party if a stay is not granted," and (3) "the extent to which judicial economy and efficiency would be served by the entry of a stay." *Voeltner v. Gen. Elec. Co.*, No. 2:07-cv-0943, 2007 WL 4287649, at *1 (S.D. Ohio Dec. 4, 2007). Here, the Court finds that holding the case in abatement would prejudice Plaintiff. Defendants have not been forthcoming with discovery, instead waiting until after they were supposed to have complied with the order granting the motion to compel and waiting a week before the end of the discovery period (as extended) to file their motion to hold in abeyance. Plaintiff is entitled to make his own case against Defendants in this action. Moreover, Plaintiff's retaliation claim is completely unique to his case.

For the foregoing reasons, Defendants' motion to hold in abeyance (DN 27) is **DENIED**.

Defendants are given **21 days** from entry of this Order to comply with the motion to compel as previously ordered by the Court. *See* DN 25.

The Scheduling Order in this case is hereby **AMENDED** to the following extent:

(1)     The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a

certificate of service, **MAY BE DISREGARDED** by the Court.

(2)     The parties shall complete all pretrial discovery herein no later than

**December 10, 2012.**  As a requirement of discovery, Defendants' counsel shall produce to

Plaintiff all records or documentation which are relevant to the claim(s) set forth in this

complaint that have survived initial review.  **Counsel shall certify that the production is**

**complete and shall file the certification with the Court**.  Within the same time, Plaintiff shall

provide counsel for Defendants any records or documentation relevant to his remaining claims.

**Plaintiff shall certify that production is complete and shall file the certification with the**

**Court**.  A party who wishes to file discovery material with the Court must comply with Federal

Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests

and responses *must not* be filed until they are used in the proceeding or the court orders filing:

depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis

added).

(3)     This Order does not override a party's responsibility to timely and completely

respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and

36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the

Federal Rules of Civil Procedure.[1]

(4)     No later than **January 9, 2013**, Plaintiff shall file a pretrial memorandum, setting

forth in detail all facts upon which he bases his claim in this matter against each Defendant.

---

[1]The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

(5)     No later than **February 8, 2013**, Defendants shall file a pretrial memorandum.  In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(6)     Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion.  All dispositive motions shall be filed no later than **February 8, 2013**.

(7)     If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires.  Any such motion to extend any time should indicate the reasons for extension.  The Court will not grant an extension unless good cause is shown.

(8)     Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* L.R. 5.2(d).

(9)     Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc:     Plaintiff, *pro se*
         Counsel of record
4413.009