UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**RALPH BAZE**                                                                           **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 5:11CV-P83-R**

**PHILIP PARKER et al.**                                          **DEFENDANTS**

### MEMORANDUM AND ORDER

Before the Court are Plaintiff's motion to strike (DN 35) and two motions for sanctions (DNs 36 & 42). Each will be considered below.

On October 10, 2012, the Court entered an Order denying Defendants' motion to hold this case in abeyance and ordering them to comply with the Court's previous Order to compel within 21 days. That Order also set the discovery deadline at December 10, 2012. On November 16, 2012, *i.e.*, after the 21 days provided by the Court to comply with the Order to compel but within the amended discovery deadline, Defendants filed their notice of compliance with the Order to compel.

Plaintiff's motion to strike asks this Court to strike numerous documents apparently responsive to discovery requests from Plaintiff. As reason for his motion to strike, he argues that Defendants did not timely respond to his discovery requests. However, only the notice of compliance by Defendants, not their actual discovery responses, has been filed in this action (DN 34). That notice simply states that on November 16, 2012, Defendants' responses to admissions and to requests for documentation were mailed to Plaintiff. No documents having been filed in the record and the Court finding no prejudice to Plaintiff by the untimely response, Plaintiff's motion to strike (DN 35) is **DENIED**.

In Plaintiff's first motion for sanctions (DN 36), Plaintiff, among other things, argues that

Defendants have "failed to provide any of the Plaintiff's requested documents or answer any of Plaintiff's interrogatories. Request for Admissions have gone compleatly unanswered or answered months after they were submitted with incompleat responses and far removed from the 30 day limit in which Rule 36 require them to be answered." In his second motion for sanctions (DN 42), he states that he cannot proceed in this case without the requested discovery because he cannot identify the John or Jane Does without discovery and because his requests for meeting minutes, memos, email, and so forth may hold evidence to show that Defendants knowingly deprived him of his constitutional rights. As sanctions, Plaintiff asks that Defendants be held in contempt, that the Court direct that the designated facts be taken as established, that the Court prohibit Defendants from supporting or opposing designated claims or defense, and that the Court render a default judgment against Defendants.

Federal Rule of Civil Procedure 37 provides sanctions for failure to comply with orders of the Court regarding discovery. "The imposition of sanctions or the type of sanctions imposed under Rule 37 is within the sound discretion of the Court based on the facts of each particular case." *Freeman v. Troutt*, No. 3:10-0697, 2011 WL 4343806, at *2 (M.D. Tenn. Sept. 14, 2011). Rule 37 provides the following as possible sanctions for failure to comply with the rules of discovery:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

>           (vii) treating as contempt of court the failure to obey any order
>           except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Ordering default to sanction a party to the litigation is usually reserved for situations akin to contempt of court or other abusive practices. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Generally, this sanction is not available unless the conduct of the complaining party was done willfully, maliciously, or in bad faith. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640 (1976) (per curiam). Before imposing a sanction of default, this Court should consider the following four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the failure to cooperate in discovery; (3) whether the offending party was warned that failure to cooperate could lead to default; and (4) whether less drastic sanctions were imposed or considered before default is ordered. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).

The Court finds that Defendants' failure to submit discovery responses within the time set forth in the Order to compel was not willful given their compliance with the discovery deadline, although they missed the deadline for complying with the Order to compel by a week. The Court finds that Plaintiff was not prejudiced by the approximately one-week delay in complying with the Order to compel. Nor does the Court find persuasive Plaintiff's argument that he is prejudiced because he needs the requested discovery to identify the Doe Defendants. In the Court's Order dated September 21, 2011, Plaintiff was instructed that he had 120 days from the date of that Order to name the Doe Defendants. He did not do so, nor did he ask for an extension of time in which to name them. The other two factors – a warning to the offending

party and consideration of less drastic measures – also mitigate in favor of denying Plaintiff's request for default.

The Court also finds that Plaintiff's request that Defendants be held in contempt, that the Court direct that the designated facts be taken as established, that Defendants be prohibited from supporting or opposing designated claims or defense should also be denied.[1] Accordingly,

**IT IS ORDERED** that Plaintiff's motions for sanctions (DNs 36 & 42) are **DENIED**.

However, the Court notes that during the pendency of his motion for sanctions, Plaintiff filed his response to Defendants' motion for summary judgment. That response relies heavily on arguments that Defendants have admitted those statements made in Plaintiff's requests for admissions. Given the denial of his motion to strike and for sanctions, the Court will afford Plaintiff time to file another response to the summary-judgment motion.

**IT IS ORDERED** that Plaintiff may file another response to the summary-judgment motion **within 30 days** of entry of this Order. Should Plaintiff do so, Defendants may file a reply **within 14 days** of service of that response.

Date:


cc: Plaintiff, *pro se*
       Counsel of record
4413.009

---

[1] The Court notes in this regard that neither side has complied with the requirement to certify in writing to the Court that all relevant records or documentation have been produced to the other side.